UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

3700 Ulmerton Road Plaza, LLC,     Case No. 8:12-bk-04339-KRM

                                                Chapter 7

          Debtor.
_____/

**TRUSTEE'S APPLICATION
TO EMPLOY CARR, RIGGS & INGRAM, LLC AS AN EXPERT**

      M. D. Luetgert, as chapter 7 trustee (the "Trustee" or "Plaintiff") of the estate of 3700 Ulmerton Road Plaza, LLC (the "Debtor"), by counsel, hereby files this application (the "Application") requesting authority to employ Carr, Riggs & Ingram, LLC ("CRI"), as an expert, pursuant to Section 327(a) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 2014(a) and 2016, in connection with *Luetgert v. Elaine S. East, as Trustee or Jane Doe as the Unknown Trustee of the Elaine S. East Trust et al*, which has been assigned Adv. Proc. No. 8:12-ap-869-KRM (the "Adversary"). In support thereof, the Trustee states as follows:

**I. Jurisdiction and Venue**

      1.     This Court has jurisdiction of this Application pursuant to 28 U.S.C. §§ 157 and 1334.

      2.     Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

      3.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**Procedural History**

4.     On March 26, 2012, the Debtor filed a voluntary petition under chapter 11 of the United States Bankruptcy Code.

5.     On September 21, 2012, Andrea P. Bauman, interim chapter 7 trustee (the "Interim Trustee"), initiated the Adversary by filing the *Verified Complaint to Avoid and Recover Post-Petition Transfers, for Injunctive Relief and Seeking Turnover of Property of the Estate* (Adv. Doc. No. 1) (the "Complaint").

6.     On November 2, 2012, the Trustee filed a *Notice of Substitution of Party Plaintiff* (Adv. Doc. No. 45), which substituted the Trustee as plaintiff in place of the Interim Trustee.

7.     Through the Complaint, the Trustee seeks injunctive relief, the turnover of estate assets, and to avoid and recover certain unauthorized post-petition transfers pursuant to Sections 105, 542, 549, and 550.

8.     On November 27, 2012, the Court entered its *Order Setting Trial and Establishing Pre-Trial Procedures* (Adv. Doc. No. 80) (the "Trial Order"), scheduling a trial on May 2, 2013, at 9:30 a.m. (the "Trial").  Pursuant to the Trial Order, summary judgment motions shall be filed by January 18, 2013.

9.     On December 14, 2012, counsel for the Trustee, Elaine East, and Robert White ("White") conducted the meeting of the parties required by Federal Rule of Civil Procedure 26, as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026 (the "Rule 26 Meeting").

10. At the Rule 26 Meeting, the Trustee learned that White intended to litigate the issues relating to whether White gave value in exchange for the transfer and whether White qualifies as a good faith transferee. White also provided the Trustee with documents purporting to establish obligations between White and CDE Hotel Properties, LLC.

11. Based on the documents provided by White and his position as a certified public accountant, among other reasons, the Trustee also believes White cannot support a good faith transferee defense.[1]

## II. Relief Requested

12. The Trustee seeks the retention of CRI as an expert in connection with: (a) prosecuting the Adversary against White; (b) addressing White's assertion that he was a good faith transferee in light of the requirements of the Florida Board of Accountancy, GAAP principles, and other ethical obligations of the accounting profession; and (c) providing an expert opinion and testimony to assist the Court in determining that White is not a good faith transferee.

13. CRI is one of the top 30 accounting firms in the country and is located at 500 Grand Boulevard, Suite 210, Miramar Beach, Florida. CRI provides auditing, tax planning and compliance, management advisory, and general accounting services. CRI employs more than 800 professionals in over thirty offices across the Southeast.

---

[1] A cursory review of the promissory notes produced by White reveals that the notes which are dated August 24, 2011, and September 6, 2011, respectively, were not notarized until nearly a year later on August 3, 2012. The discrepancy between the date on the note and the date of notarization call into question whether these obligations are bonafide obligations to any person or entity.

14. Stephen C. Riggs, III ("Riggs"), who will provide the majority of the expert analysis and consultation needed by the Trustee and give testimony as an expert witness, to the extent necessary, is one of the founding partners of CRI. Riggs has over thirty-two years of experience in public accounting and consulting services. In January 2009, Riggs was appointed to the Florida State Board of Accountancy, and in January 2013, Riggs will serve as the vice-chair of the Florida State Board of Accountancy.

15. The Trustee submits that the retention of CRI meets the two prerequisites for retention of professionals under Section 327(a) of the Bankruptcy Code:

   a. CRI does not have material interests adverse to the Trustee regarding the specific matters for which retention is proposed herein; and

   b. CRI does not hold or represent an interest that would be or that is adverse to these bankruptcy estates.

16. As set forth in the *Declaration of Stephen C. Riggs, III in Support of Trustee's Application to Employ Carr, Riggs & Ingram, LLC as an Expert*, CRI does not represent or hold any interest adverse to the Trustee or the estate with respect to the matters upon which it is to be engaged that would preclude its representation herein. CRI has no connections with the Trustee, the Debtor, any creditors of the Debtor, any other party-in-interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee, except as specifically disclosed in the Declaration.

17. The employment of CRI is for the specific purpose of rendering the services set forth above, and the employment of CRI is in the best interest of the estate.

18. CRI has agreed to serve as an expert for the Trustee in exchange for fees ultimately to be determined by the Court, pursuant to the provisions of Section 330 of the Bankruptcy Code.

19. The Trustee anticipates that Riggs will provide the expert analysis and testimony. His hourly rate is $325.00. This rate is reasonable and customary given the nature of the work to be performed, and Riggs' level of expertise and familiarity with the standards governing the accounting profession.

WHEREFORE, the Trustee respectfully request the entry of an order authorizing the employment of CRI and for such other and further relief as the Court may deem appropriate.

DATED this 3rd day of January, 2013.

*/s/ Kathleen L. DiSanto*
David S. Jennis
Florida Bar No. 775940
Kathleen L. DiSanto
Florida Bar No. 0058512
**Jennis & Bowen, P.L.**
400 N. Ashley Dr., Ste. 2540
Tampa, FL 33602
Telephone: (813) 229-1700
Facsimile: (813) 229-1707
Email: kdisanto@jennisbowen.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF, to: **Michael P. Brundage**, Phelps Dunbar, LLP, 100 South Ashley Street, Suite 1900, Tampa, FL 33602; **Stearns Bank c/o Philip V. Martino**, Quarles & Brady, LLC, 101 E. Kennedy Blvd., Suite 3400, Tampa, FL 33602; **Denise Barnett, United States Trustee's Office**, 501 E. Polk Street, Suite 1200, Tampa, FL 33602; and to those parties receiving electronic notices via CM/ECF in the normal course of business on this 3rd day of January, 2013.

*/s/ Kathleen L. DiSanto*
Kathleen L. DiSanto